ROSENBERG v. ZEITCHIK et al.

(Supreme Court, Appellate Term. December 11, 1906.)

1. LANDLORD AND TENANT—REPAIRS—NEGLIGENCE OF CONTRACTOR—INJURIES—LANDLORD'S LIABILITY.

Where it was the duty of a landlord to make repairs to the plumbing of the rented premises, the fact that he contracted with certain plumbers to do the work did not relieve the landlord from liability for injuries to the infant child of the tenant by the negligence of the workmen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 638.]

2. SAME—DANGEROUS APPLIANCES.

A plumber employed by plaintiff's landlord to make repairs to the rented premises left a portable furnace containing a charcoal fire and a dipper of molten lead unattended on the floor of a barber shop in the front of the premises, the rear of which was used as plaintiff's residence. The only entrance to the rear was through the barber shop, and plaintiff's son four years of age, while passing through the shop, was caught on a hook on the side of the furnace which was overturned, and the child was burned. Held, that the leaving of the furnace unattended constituted negligence.

**3. NEGLIGENCE—INJURY TO INFANT—CONTRIBUTORY NEGLIGENCE.**

In an action for injuries to plaintiff's child, *held*, that his parents were not guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 276.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Chaskel Rosenberg against Harris Zeitchik and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Charles Frankel, for appellant.

Rollins & Rollins, for respondent Zeitchik.

FITZGERALD, J. Zeitchik, a landlord, employed Wexted, a plumber, to repair certain defective plumbing work in a tenement house. The first floor was occupied by the father of the infant plaintiff, the front as a barber shop, and rear as living apartments for his family. To reach these living rooms from the street it was necessary to pass through the shop. A portable charcoal furnace with fire burning and a dipper of molten lead on top was left by the plumber, unattended by any one, on the floor of the barber shop. The infant plaintiff, a boy four years of age, was passing from the street where he had been playing, through the barber shop, to the inner rooms, when a hook on the side of the furnace hooked in the pocket of his pants, and it turned over burning him about the stomach. Upon some evidence having been offered tending to show that Wexted, the plumber, was an independent contractor, the complaint, as to the owner, was dismissed.

This was error. The rule relied on to uphold it applies as to injuries to third persons; but, where the relation of landlord and tenant exists, it is different. Sulzbacher v. Dickie, 6 Daly, 469. Under the circumstances of this case, it was the duty of the landlord to make the repairs, and the fact that he made a contract with some one to do the work does not relieve him from liability for negligence to his tenant. It cannot well be claimed that the leaving unguarded for several minutes in the barber shop of a furnace with a hook extending therefrom containing a charcoal fire, with a dipper of molten lead on top, was not a negligent act.

The only remaining question is that of contributory negligence. The four year old injured boy was non sui juris. He was assuredly lawfully in the place passing through his father's shop, the only entrance from the street upon which he had been playing into the rooms in which he lived, without any evidence of his loitering on the way or interfering in any manner with the furnace. Both parents were in the place, and the mother shouted to him when the hook caught, too late to prevent the injury. Unless it be held that his parents should have forbidden him from passing through the sole entrance from the street to his home, or should have accompanied him every step of the way, it cannot, upon the testimony, well be claimed that they were negligent. To require them to do either of these things would be to exact from them a

greater amount of care and caution than is reasonably to be expected from ordinarily prudent persons situated as they were.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.