FUTTERMAN v. BOROWIK et al.

(Supreme Court, Appellate Term, First Department.  March 4, 1915.)

LANDLORD AND TENANT (§ 169*)—ACTIONS FOR INJURIES—EVIDENCE—JURY QUESTION.

In an action for injuries suffered by a tenant's child, who came in contact with a burning torch left by the landlord in her premises, the question of the landlord's negligence, as well as that of contributory negligence, *held* for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 652, 653; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ida Futterman, an infant, against Jacob Borowik and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Isidor Block, of New York City, for appellant.

Amos H. Stephens, of New York City (Frank H. Cooper, of New York City, of counsel), for respondents.

PENDLETON, J. The action is for personal injuries. The complaint was dismissed on plaintiff's evidence. The action is by the child of a tenant against the landlord, a lessee of the whole building, for injuries alleged to have been received by coming in contact with a burning torch.

The tenant occupied four rooms on the third floor. The defendant, who did his own repairing to the plumbing, was in the apartment with two lighted torches, apparently to do some work. The child's mother objected to the torches, and told him she had children.' He said he had "to do that because he has to fix—" "He will try to do his best to make it in a hurry." After half an hour she told him she had to go away. He said, "All right; he will take care of the children," and told her "to go to clean the house." The children were in another room. About an hour later she heard a yell, and going there found the child on the floor near the lighted torches, burned, and defendant not there. He came back in about half an hour.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the evidence submitted the questions of negligence by defendant and absence of contributory negligence were for the jury. Rosenberg v. Zeitchik, 52 Misc. Rep. 153, 101 N. Y. S. 591.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.